UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDY JOSEPH DESHARNAIS,

           Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

           Defendant.

Case No. C11-783-TSZ-BAT

**REPORT AND RECOMMENDATION**

Andy J. Desharnais filed an action seeking review of the denial of Social Security benefits on May 10, 2011. Dkt. 1. On September 16, 2011, he moved to remand the action pursuant to sentence six.[1] In sentence six remands, this Court retains jurisdiction over the action pending further administrative development of the record. *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-02 (1991). Mr. Desharnais asserts good cause for remand exists, here, because medical records of his treating physician which he supplied to the Appeals Council are missing and have not been made part of the administrative record currently before the Court. Dkt. 21 at 2-3. He avers the Appeals Council received the records but did not rule on or enter any order on them.

Before filing the remand motion, Mr. Desharnais apparently contacted the Commissioner; the Commissioner indicated to Mr. Desharnais "that they cannot respond as to whether the

---

[1] *See* § 205(g) and 1631(c)(3) of the Social Security Act, 41 U.S.C. §§ 405(g) and 1383(c)(3).

REPORT AND RECOMMENDATION - 1

records should or should not be a part of the administrative record and require additional time to review the records and respond." *Id.* at 2.

Since Mr. Desharnais filed the remand motion, the Commissioner has neither responded to the motion nor requested additional time to respond or to locate the missing medical evidence. Accordingly, the Court finds Mr. Desharnais has shown good cause for a sentence-six remand and recommends the motion for remand be **GRANTED** and this case be **REMANDED** to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) as follows:

(1) Although the Commissioner has not responded to the motion, it is possible the missing medical records will be located making remand unnecessary. The Commissioner shall be given until November 15, 2011, to locate the missing records and supplement the current record before the Court.

(2) If the Commissioner does not locate the missing records and supplement the record by November 15, 2011, the matter shall be remanded pursuant to sentence six of 42 U.S.C. § 405(g).

(3) On remand, the Appeals Council shall attempt to locate the missing records. If the Appeals Council cannot locate the missing records, it shall promptly reconstruct or attempt to obtain them. The Appeals Council shall then determine if the file is complete. If the file is complete, the Appeals Council shall prepare a certified administrative record.

(4) Because Mr. Desharnais indicates the Appeals Council made no rulings regarding the missing records, the Appeals Council shall be permitted to review the missing records and enter appropriate rulings.

(5) This Court will retain jurisdiction over the case pursuant to 42 U.S.C. § 405(g). Hence, if the Appeals Council after obtaining and reviewing the missing records enters a

decision that is unfavorable to Mr. Desharnais, he may seek judicial review by reinstating this case, rather than filing a new complaint.

A proposed order accompanies this Report and Recommendation. Objections, if any to this Report and Recommendation must be filed and served no later than **October 14, 2011.** If no objections are filed, the matter will be ready for the Court's consideration on that date. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Responses to objections must be filed no later than 14 days after being served with objections. Objections and responses shall not exceed twelve pages. The failure to timely object may affect your right to appeal.

DATED this 30th day of September, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge